IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | Criminal No. 04-72 |
| LEDARRO NORTHCUTT, | ) | |
| Defendant. | ) | |

ORDER

AND NOW, this 8th day of August, 2011, upon consideration of Defendant Ledarro Northcutt's pro se "Motion to Reduce Sentence [Pursuant to] 18 U.S.C. [§] 3582(c)(2)" (Document No. 82) filed in the above-captioned matter on August 1, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

It is not entirely clear what Defendant is asking the Court to do in his motion. He seems to argue for retroactive application of the Fair Sentencing Act, Pub.L. 111-120, 124 Stat. 2372 (2010), as well as for reconsideration of his designation as a career offender under USSG § 4B1.1. However, neither argument contains any merit.

As for his request for retroactive application of the Fair Sentencing Act, the Court first notes that Defendant has offered no jurisdictional basis for this Court to consider his claim. Regardless, in any event, the Fair Sentencing Act does not contain a retroactivity provision. Pursuant to United States v. Jacobs,

1

919 F.2d 10 (3d Cir. 1990), in order for a statutory amendment to be retroactive, the statute must expressly contain such a provision. Indeed, the Third Circuit Court of Appeals has specifically held that the Fair Sentencing Act does not apply retroactively when sentence was imposed before the enactment date. See United States v. Reevey, 631 F.3d 110 (3d Cir. 2010). Moreover, because Defendant's crack-related conviction at Count One was pursuant to 21 U.S.C. § 841(b)(1)(C), the Act would have no impact on his statutory sentencing range.

Defendant presumably relies on 18 U.S.C. § 3582(c)(2) to establish jurisdiction in regard to his request for reconsideration of his career offender designation. However, he points to no covered amendment in USSG § 1B1.10 that would allow the Court to adjust his sentence based on his career offender status. The Court does not believe that Defendant's motion can reasonably be construed as a request to adjust his sentence pursuant to Amendments 706, 711, and 715 to the United States Sentencing Guidelines, which amended the Guidelines' determination of base offense levels for crack cocaine offenses, but, even assuming it could be so construed, it would have no merit. Defendant's sentence was determined not based on the quantity of cocaine base attributable to him, but on his career offender status. Accordingly, he was sentenced under USSG § 4B1.1, and not based on a sentencing range that has subsequently been lowered by

the Sentencing Commission.

> Section 1B1.10(a)(1) provides:
>
> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Application Note 1 further clarifies this point:

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Since Defendant's guideline sentencing range was determined under Section 4B1.1 and is not at all affected by Amendments 706, 711, and 715, these amendments do not have the effect of lowering Defendant's guideline range. Although the Court did vary from the range provided under Section 4B1.1 based on several factors, it did not merely impose a sentence based on the quantity of contraband, nor did his sentence include a Section 4A1.3 departure. Rather, the sentence was based on the factors set forth in 18 U.S.C. § 3553(a), using the career offender guidelines as a starting point. This case is therefore distinguishable from United States v. Flemming, 617 F.3d 252 (3d Cir. 2010), where the court, in departing pursuant to Section 4A1.3, sentenced the

defendant irrespective of the career offender guidelines and instead based the sentence on the non-career offender crack cocaine guidelines. See also United States v. Wright, 2011 WL 3203308 (3d Cir. July 28, 2011).

Moreover, Defendant's crack-related conviction at Count One was grouped with his conviction for possessing a firearm as a convicted felon at Count Two pursuant to USSG § 3D1.2(c). The resulting guideline range for these grouped counts was determined under Section 2K2.1 of the Sentencing Guidelines, pertaining to the firearm violation, rather than under Section 2D1.1. Therefore, even if the Court in this case had simply adopted the non-career offender guidelines, which it did not, that range was based on Defendant's firearm offense, rather than on his crack-related offense.

Accordingly, for all of the above reasons, no reduction in Defendant's sentence is warranted, and his Motion is denied.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:    Ledarro Northcutt
#08092-068
Federal Correctional Institution
P.O. Box 6000
Florence, CO  81226-6000