IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 04-72 |
| | ) | See Civil No. 17-501 |
| LEDARRO NORTHCUTT, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

O R D E R

AND NOW, this 27th day of February, 2018, upon consideration of Defendant/Petitioner ("Petitioner") Ledarro Northcutt's pro se Motion under Sections 2241, 2255, 2255(e), and/or 1651 (Doc. No. 119), filed in the above captioned matter on April 19, 2017, and upon further consideration of the Government's response thereto (Doc. No. 122), filed on June 12, 2017, and the various further replies filed by Petitioner (Doc. Nos. 123, 124, and 125),

IT IS HEREBY ORDERED that Petitioner's Motion is DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued because, for the reasons set forth herein, Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner seeks to challenge the sentence imposed by the Court in this matter on April 14, 2005. Specifically, he contends that, in light of the United States Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), he no longer qualifies as a career offender under Sections 4B1.1 and 4B1.2 of the United States Sentencing Guidelines. He asserts, therefore, that his sentence, which was imposed pursuant to these career offender provisions of the Sentencing Guidelines, is no longer valid. However, although Petitioner suggests several procedural grounds on

1

which he can properly bring his claims, the Court finds that Petitioner has failed to establish a basis for his motion.[1]

Petitioner first attempts to establish jurisdiction for the Court to consider the merits of his claims under 28 U.S.C. § 2255. Indeed, this is the proper course, given that a Section 2255 motion is the presumptive means for a federal prisoner to challenge his or her sentence or conviction. See Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Court is cognizant that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction became final over a decade ago, and there is no claim, nor any indication in the record, that subsections (2) or (4) apply. What Petitioner does assert is that his claim is based on Mathis, decided in 2016, thereby invoking subsection (3). Pursuant to that subsection, there are two criteria for applying Mathis to Petitioner's action: (1) the case must have announced a newly recognized right; and (2) the right has to have been made retroactively applicable to cases on collateral review. See Dodd v. United States, 545 U.S. 353, 358 (2005).

However, Petitioner himself acknowledges that nowhere in Mathis did the Supreme Court announce a newly recognized right. (Doc. No. 119 at 3-4). Although it constitutes a separate criterion under Section 2255(f)(3), the analysis as to whether a case announced a right that has been newly recognized by the Supreme Court is essentially the same as in determining whether a case announced a new rule of constitutional law under Teague v. Lane, 489 U.S. 288 (1989), and its progeny. See Wert v. United States, 596 Fed. Appx. 914, 918 (11th Cir. 2015). A case announces a "new rule," and therefore a newly recognized right, when it "breaks new ground or imposes a new obligation on the States or the Federal Government." Teague, 489 U.S. at 301. In other words, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Id. Where the beginning point in a court's analysis is a rule of general application designed to apply in a myriad of factual contexts, "it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent." Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (quoting Wright v. West, 505 U.S. 277, 309 (1992) (Kennedy J. concurring)).

The Court agrees with Petitioner that Mathis simply followed well-established precedent and set forth no new rule or right. Courts to have addressed the issue have found likewise. See, e.g., United States v. Marrero, Crim. No. 09-208, Civ. No. 16-34, 2017 WL 6557475, at *2 (W.D. Pa. Dec. 22, 2017); United States v. Gadsden, Crim. Nos. 09-305 and 13-65, 2017 WL 6316566, at *2 (W.D. Pa. Dec. 11, 2017) (collecting cases). Accordingly, Petitioner cannot rely on Section 2255(f)(3) to raise his claims.

Anticipating this, Petitioner further argues that his inability to use Section 2255 allows him to pursue other avenues to establish jurisdiction, such as a writ of habeas corpus or a motion of *audita quarella*. However, neither provides a basis for this Court to consider his claims. As for Petitioner's attempt to bring his present action as a habeas action pursuant to Section 2241, a petition filed pursuant to that section "generally challenges the *execution* of a federal prisoner's sentence" rather than the conviction or sentence themselves. See Daley v. Federal Bureau of Prisons, 192 Fed. Appx. 106, 109 (3d Cir. 2006) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original)). See also Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Petitioner's motion, which, as discussed, seeks the vacation of his sentence, does not relate to the manner in which the sentence imposed in this case is being executed. As such, as a general matter, Petitioner's motion raises issues not properly addressed under Section 2241.

Indeed, as discussed above, a motion pursuant to Section 2255 is the presumptive means for a federal prisoner to challenge his or her sentence or conviction. See Hazard, 206 Fed. Appx. at 236; Shelton, 201 Fed. Appx. at 124; Okereke, 307 F.3d at 120. In fact, Section 2255(e) provides that a writ of habeas corpus pursuant to Section 2241 shall not be entertained unless a 2255 motion would be inadequate or ineffective to test the legality of detention. See also In re Dorsainvil,

119 F.3d 245, 249-51 (3d Cir. 1997). However, a 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the gate keeping requirements of Section 2255. See Hazard, 206 Fed. Appx. at 236; Okereke, 307 F.3d at 120. Accordingly, the fact that a defendant cannot meet the time limits set forth in subsection (f) to file a Section 2255 motion does not entitle him to separate relief. See Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002). "It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative." Snype v. United States, 609 Fed. Appx. 60, 62 (3d Cir. 2015) (quoting Cradle, 290 F.3d at 538). The "safety valve" provision of Section 2255(e) is "extremely narrow," and applies only in situations such as where "a prisoner has no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Snype, 609 Fed. Appx. at 62 (citing Okereke, 307 F.3d at 120).

Petitioner does not allege that the remedies available pursuant to Section 2255 would be inadequate or ineffective in this case, but rather points out no more than his personal inability to use Section 2255(f) because Mathis does not set forth any newly recognized right. As discussed above, the mere fact that Petitioner cannot meet the gate keeping requirements of Section 2255 does not allow him to seek alternative forms of relief. This is true regardless of whether he was aware of these requirements or not. See Bernas v. United States, 235 F.3d 1341 (5th Cir. 2000) (finding that ignorance of the AEDPA's provisions does not provide an avenue for circumventing those provisions). He therefore cannot avail himself of Section 2241.

Moreover, even if Petitioner could establish the inefficacy of relief under Section 2255, Section 2241 still would not be an appropriate vehicle for bringing his claims. Section 2241 generally allows a defendant to challenge his conviction of sentence only when the conduct for

5

which he was convicted has been decriminalized. See Valentine v. Spaulding, No. 4:17-CV-1770, 2017 WL 6336615, at *2 (M.D. Pa. Dec. 12, 2017). Challenges to sentencing enhancements based on intervening changes in sentencing law are not sufficient for a defendant to raise claims under Section 2241. See Okereke, 307 F.3d at 120; Dusenbery v. Oddo, Civ. No. 1:17-CV-2402, 2018 WL 372164, at *3 (M.D. Pa. Jan. 11, 2018). As discussed, Petitioner seeks to challenge the enhancement to his guideline sentencing range based on the Court's finding that he was a career offender by arguing that Mathis does not permit such a finding. He therefore is not claiming that his conduct of conviction has been rendered non-criminal, but rather is merely challenging the calculation of his sentence based on intervening case law. Such a claim cannot be brought under Section 2241. See Marrero, 2017 WL 6557475, at *3 (declining to permit defendant to raise a Mathis claim under Section 2241) (collecting cases).

Petitioner's attempt to use the common law writ of *audita querela* as a vehicle to bring his claims fares no better. A writ of *audita querela*, which is Latin for "the complaint having been heard," is "an ancient writ used to challenge a judgement that, while justified at the time it was rendered, has been placed in question by subsequently discovered evidence or by a new legal defense." McCrory v. United States, Crim. No. 95-338, 2008 WL 5381358, at *1 (E.D. Pa. Dec. 23, 2008) (citing Black's Law Dictionary 141 (8th ed. 2004)). The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority for courts to issue writs not covered by statute, including a writ of *audita querela*, in exceptional circumstances. See Pennsylvania Bureau of Correction v. United States Marshals Serv., 474 U.S. 34, 43 (1985); United States v. Sanchez, 317 Fed. Appx. 225 (3d Cir. 2009); Hazard, 206 Fed. Appx. at 236. The writ of *audita querela* survives only to the extent that it fills in gaps in the current system of post-conviction relief. See Sanchez, 317 Fed. Appx. at 226. As

with a motion seeking habeas relief, Petitioner may not circumvent the valid congressional limitations on collateral attacks set forth in Section 2255 by arguing that those limitations create a gap in post-conviction remedies that must be filled by common law writs, such as a writ of *audita querela*. See Hazard, 206 Fed. Appx. at 236; United States v. Paster, 190 Fed. Appx. 138, 139 (3d Cir. 2006). He still cannot establish that Section 2255 is inadequate or ineffective by the mere fact that he is precluded from filing a petition under that section. See Sanchez, 317 Fed. Appx. at 226; Shelton, 201 Fed. Appx. at 124; Paster, 190 Fed. Appx. at 139; United States v. Hannah, 174 Fed. Appx. 671, 673 (3d Cir. 2006).

In sum, the claim that the gate keeping requirements of Section 2255 create a gap in post-conviction remedies fails as a matter of law. Accordingly, there is no basis for the Court to find that Section 2255 is inadequate or ineffective in this case. As such, Petitioner must seek relief pursuant to that section. Since, as noted, Petitioner cannot raise a challenge pursuant to Mathis under Section 2255(f)(3), this Court lacks jurisdiction to consider Petitioner's claims.

Therefore, for the reasons stated herein, Petitioner's motion is dismissed. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue in this action.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

cc:      Ledarro Northcutt, Reg. No. 08092-068
         FCI Hazelton
         P.O. Box 5000
         Bruceton Mills, WV 26525